MAGISTRATE JUDGE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR22-0085-BAT |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| LANIE MAE SPOTTEDBIRD, | Plea/Sentencing Hearing: 6/29/22, 1:00 pm |
| Defendant. | |

Lanie Mae Spottedbird, through undersigned counsel, respectfully submits this memorandum in anticipation of the plea and sentencing hearing on June 29, 2022 where she will enter a guilty plea to Obstruction of Mail contrary to 18 U.S.C. § 1701 (a Class B misdemeanor) and the parties will be prepared to proceed with sentencing. Ms. Spottedbird respectfully recommends this Court impose no custodial sentence, six months of probation, a $10 special assessment, and $1,000 restitution.

## I.   INTRODUCTION

Ms. Spottedbird started working at the Post Office in October 2015. In June 2021, she cashed a $1,000 money order that a customer purchased and mailed. Her family in the Philippines and Thailand were struggling financially and she was desperate to help them. She has no other criminal history and is prepared to pay full restitution at the time of sentencing.

DEFENDANT'S SENTENCING MEMORANDUM - 1
(*U.S. v. Lanie Mae Spottedbird*, CR22-085-BAT)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## II.  A PROBATIONARY SENTENCE IS SUFFICIENT TO ACHIEVE THE GOALS OF SENTENCING.

This Court must impose the minimum term necessary to comply with the goals of sentencing. *See United States v. Booker*, 543 U.S. 220 (2005); 18 U.S.C. §§ 3553(a), 3582.

### A. The history and characteristics of Ms. Spottedbird support a short probationary sentence.

Ms. Spottedbird is a 40-year-old woman with no criminal history. She was born and raised in the Philippines and moved to the United States in 2008 following her marriage to Lawrence Spottedbird. She became a U.S. citizen in 2015. She currently works at an Amazon fulfillment center in Federal Way.

Ms. Spottedbird was raised by her parents and grandparents in the Philippines on a farm where they grew rice and kept animals. Her father was disabled, and her mother was a homemaker. She is the oldest of seven siblings.

Her grandparents helped with her education. She finished high school and attended college in the Philippines, graduating in 2002 with a bachelor's degree in business. She initially worked at a government bank in the Philippines but went to Taiwan to work in a factory shortly thereafter to earn more money.

Ms. Spottedbird returned to the Philippines and opened a small boutique store for one year, selling shoes and bags. The store was next to her aunt's dental shop. She then moved to Manila and worked in a call center for about two years.

In 2006, she met her husband, Lawrence Spottedbird, online. They got married in July 2006 and she continued to live in the Philippines while her visa paperwork was processed. She moved to the United States in 2008 where she finally joined her husband.

Ms. Spottedbird's husband works as an executive in tribal governance which requires frequent relocation. In 2008, she and her husband lived in California where she

DEFENDANT'S SENTENCING
MEMORANDUM  - 2
(*U.S. v. Lanie Mae Spottedbird*, CR22-085-BAT)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

worked in a hotel cleaning rooms. They then moved to Western Washington where Ms. Spottedbird worked for six months at the Navy Exchange in Bangor. Her husband then was hired by the Quinault Nation, and she worked as a cashier at the tribe's casino.

In 2011, her husband changed jobs and they moved to Minnesota where she worked at an airplane manufacturing plant for several years. In 2014, they moved to Sitka, Alaska for her husband's work for the Tlingit Nation and she found another job working part-time at a store for eight months. Finally, in 2016, they moved back to Washington State where Ms. Spottedbird worked for the Postal Service. Her husband moved to Iowa shortly thereafter to work with a different tribe. She hopes to join her husband at his new job in Oklahoma as Chairman of the Kiowa Tribe.

    **B. The nature and circumstances of the offense warrant a probationary sentence.**

At the time of the offense, Ms. Spottedbird was separated from her husband and living alone in Washington. Her mother has serious health issues that require assistance with her daily living activities. Ms. Spottedbird also has two sisters who were stuck in Thailand during the COVID pandemic. They could neither work nor afford to travel back to the Philippines. The sisters could not support their children with them in Thailand. Ms. Spottedbird wanted to help her mother and sisters who were all suffering financially due to the COVID epidemic. In a moment of weakness, she took the money order and cashed it so she could send money home to her family.

Following the investigation, she was terminated from the Postal Service. Following a period of unemployment, she obtained employment at an Amazon fulfillment center. At the time of the plea and sentencing, she will have a check prepared for the restitution.

Ms. Spottedbird has no history of drug or alcohol abuse, nor any history of mental health issues. Her offense conduct was driven by her family members' dire

DEFENDANT'S SENTENCING
MEMORANDUM - 3
(*U.S. v. Lanie Mae Spottedbird*, CR22-085-BAT)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

financial situation. She regrets her behavior and is deeply ashamed and embarrassed for stealing the money.

### C. A probationary sentence would not lead to sentencing disparities.

Section 3553(a)(6) directs courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In *United States v. Eichhorn*, CR19-5097 DWC, the defendant, a postal carrier, pled guilty to destroying mail after she kept over 1,000 pieces of mail in her home. Dkt 9 (Government's Sentencing Memo). The court imposed a probationary sentence, a $100 fine, and no community service. *Id*. at Dkt 16.

Here, Ms. Spottedbird respectfully asks the Court not to impose community service because it is unnecessary as additional punishment. Ms. Spottedbird's crime is uniquely mitigated, and a misdemeanor conviction carries significant collateral consequences. *See A Misdemeanor Conviction is not a Big Deal, Right? Think Again*. Time Magazine, April 24. 2014. Ms. Spottedbird has lost a good job and this conviction may affect her employment, licensing, housing, and access to loans. Also, a federal conviction can never be expunged. Even if Ms. Spottedbird deserves these permanent handicaps, they are enough. Community service would add additional stress to Ms. Spottedbird's life and interfere with her ability work and move to Oklahoma to rejoin her husband. Her restitution payment and the emotional and legal consequences of this conviction are sufficient punishment.

DATED this 27th day of June 2022.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Lanie Spottedbird

DEFENDANT'S SENTENCING
MEMORANDUM - 4
(*U.S. v. Lanie Mae Spottedbird*, CR22-085-BAT)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100