```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

JUN 29 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> LANIE MAE SPOTTEDBIRD, <br> Defendant. | NO. CR22-085-BAT <br><br> **PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Erika J. Evans for said District, Defendant LANIE MAE SPOTTEDBIRD, and Defendant's attorney, Dennis Carroll, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a magistrate judge, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: Obstruction of Mail, as charged in Count One, in violation of Title 18, United States Code, Section 1701.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

Plea Agreement - 1
United States v. Spottedbird

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

    a.    First, Defendant obstructed or retarded the passage of mail; and

    b.    Second, Defendant did so knowingly and willfully.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a.    For the offense of Obstruction of Mail, as charged in Count One: A maximum term of imprisonment of up to six months, a fine of up to $5,000, and a mandatory special assessment of $10. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

Plea Agreement - 2
*United States v. Spottedbird*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a magistrate judge;
   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against Defendant at trial;
   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;
   g. The right to testify or to remain silent at trial, where such silence at trial could not be used against Defendant; and
   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Guidelines do not apply to this case.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Sentencing Recommendation.** The parties are free to make any sentencing recommendation deemed appropriate. Restitution as described in Paragraph 9 of this Plea Agreement and a $10.00 special assessment are both mandatory.

9. **Restitution.** Defendant shall make restitution to Victim United States Postal Services in the amount of $1,000 with credit for any amount already paid. The full restitution amount shall be due and payable immediately on entry of judgment.

Plea Agreement - 3
*United States v. Spottedbird*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. **Statement of Facts**. The parties agree on the following facts and Defendant admits she is guilty of the charged offense:

    a. From on or about October 31, 2015, through on or about August 9, 2021, SPOTTEDBIRD was employed by the United States Postal Service ("USPS") as a Sales and Service/Distribution Associate in Federal Way, Washington.

    b. On June 7, 2021, C.F came into the USPS store in Federal Way, and purchased a $1,000 money order from SPOTTEDBIRD. C.F placed the money order in an unsealed envelope and gave it to SPOTTEDBIRD to mail. SPOTTEDBIRD never put C.F's money order into the mail stream. And the money order never reached the intended recipient in California.

    c. C.F submitted an inquiry with USPS after the recipient did not receive the money order. The inquiry revealed the money order had been cashed. And the image showed the money order, which C.F left blank, was altered, to read on the "from" line—L. Spottedbird.

    d. When initially confronted by the USPS, SPOTTEDBIRD denied altering and cashing the money order. Later, SPOTTEDBIRD admitted to knowingly altering and cashing the money order on June 10, 2021.

    e. By removing C.F's money order from the mail stream, altering, and cashing it, Defendant knowingly and willfully obstructed the passage of mail.

11. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United

Plea Agreement - 4
United States v. Spottedbird

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration.

13. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement,

Plea Agreement - 5
*United States v. Spottedbird*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below maximum term of imprisonment authorized by law, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

14.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

15.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

Plea Agreement - 6
*United States v. Spottedbird*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of
2  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.
3       16.    **Completeness of Plea Agreement**. The United States and Defendant
4  acknowledge that these terms constitute the entire Plea Agreement between the parties,
5  except as may be set forth on the record at the change of plea hearing in this matter. This
6  Plea Agreement binds only the United States Attorney's Office for the Western District
7  of Washington. It does not bind any other United States Attorney's Office or any other
8  office or agency of the United States, or any state or local prosecutor.
9       Dated this ___ day of June, 2022.

_____
LANIE MAE SPOTTEDBIRD
Defendant

_____
DENNIS CARROLL
Attorney for Defendant


*s/Thomas M. Woods*
_____
THOMAS M. WOODS
Assistant United States Attorney


_____
ERIKA J. EVANS
Assistant United States Attorney

Plea Agreement - 7
*United States v. Spottedbird*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970